# United States District Court
## CENTRAL DISTRICT OF ILLINOIS

Quenner T. Augusta,                  )
                                      )
            Plaintiff                 )
                                      )
    vs.                               )     Case No. _____
                                      )     (The case number will be assigned by the clerk)
David Clague                          )
Louis Glossip                         )
Employee's of Knox County Board       )
_____         )
_____         )
_____         )
_____ ,       )
                                      )
            Defendant(s)               )

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format).

## COMPLAINT*

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

- ☒ 42 U.S.C. §1983 (state, county or municipal defendants)

- ☐ Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

- ☐ Other federal law: _____

- ☐ Unknown _____

## I. FEDERAL JURISDICTION

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

1

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Quennel Augusta

Prison Identification Number: K81797

Current address: P.O. Box 500 Vandalia IL. 62471 Route 51

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: David Clague

Current Job Title: Sheriff

Current Work Address: Knox County Jail 152 S. Kellogg St. Galesburg IL. 61401

Defendant #2:

Full Name: Louis Glossip

Current Job Title: Chief Administrative

Current Work Address: 152 S. Kellogg St. Galesburg IL. 61401 Knox County Jail

Defendant #3:

Full Name: Knox County Board Employee's

Current Job Title: Board Members

Address: 200 S. Cherry St.

2

3.

Augusta v. State of IL 4:17-cv-04035

1. Name of Case, Court and Docket Number
   Augusta v. Clasue 4:16-cv-04079 / Augusta v. Winbigler - 4:16. cv-04115

2. Basic claim made  4TH Amendments

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?)  Pendings

*For additional cases, provide the above information in the same format on a separate page.*

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

*Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.*

A. Is there a grievance procedure available at your institution?  Yes ☒  No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒   No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed?   Yes ☒   No ☐

## V. STATEMENT OF CLAIM

Place(s) of the occurrence  Due Process, Equal Protection, Privilege Violations

4

Claim of 8TH Amendment Cruel Punishment
Claim of Equal Protection, Priviless, Due Process Violation.
Relief of 5 million $

Ps.1  Amendment Complaint of The 14TH Amendment
Amendment Complaint of Cruel unusual Punishment 8TH
I Quennel Augusta Asking The Court To Please Send Me a Complaint Form Do To a 14TH Amendment Violation of Priviledge To Right to Communicate with Outside World on The Fact of Contact Visit is a Priviledge which (shall not be Permanent Denie) From Family Contact Visits, see Overto v. Bazzetta In one NewYork case The Court Concluded That The restriction was Arbitrary and Capricious and Therefore a Due Process Violation, In Lawrence v. Texas The court would likely Recognize a Constitution Right To Privacy To Homosexual Conduct Protected under Due Process and Equal Protection Clauses of the constitution 539 U.s. 126, 132, 123 s.Ct. 2162, 2168, 156 L.Ed. 2d. 162 170 (2003) see Block v. Rutherford 468 U.s. 576, 589, 104 S.Ct. 3227, 3234, 82 L.Ed. 2d. 438, 449 (1984) Contact visit is a Priviledge not a Right Visit Can be Denied to security concerns. But in my Case I Quennel Augusta been in This Knox County Jail For 15 months without any contact visit with my kids or my Newborn baby That I Have not yet met Do To The Denie of Contact Visits, Theres been no Privacy Visit with me or my Family Do to This Cruel unusual Punishment From This County Jail, The County Jail is a Correctional service It Follows The Correctional Rules of Regulations¹ At I.D.O.C. Prisoners who are Convicted of Murder or Other Crimes Do Get Visits of Contact In The Prison So Therefor

Pre-Trial Detainee shall be Intitle To There Priviledge of The 14TH Amendment of Due Process, as long as Theres no Security Risks From That Inmate or Mental Illness of Violence, Denie OF My Contact Visit is a Due Process And Equal Protection Violation, Im not a Threat To The staff Security Concerns as This Jail Administrator will Claim That This County Jail is short on help of The Correctional Officers, which is not my well being Problem of There Excuse. See 468 U.S. 576 (1984) 104 S.Ct. 3227, 82 L.Ed.2d 438 Block V. Rutherford No. 83-317 U.S. Supreme Court. Permanent Denial of Contact visits is a Denial of Privilege Due Process And Equal Protection. The Sheriff of Knox County Jail Also Knox County Board violated my Due Process Rights, Equal Protection Rights, Privilege Rights Also Cruel Unusal Punishment when They Charge I Quenrei Augusta 5$ Dollars a Day To Be Incarcerated, Also Due Process of Paying A Defendent Pre-Trial Detainee 5$ Dollars a Day As Illinois correction statue law Require see: 730 ILCS 125/5 Costs of Maintaining Prisoners All cost of maintaing Prisoners Committed For violation of Illinois law, shall be the responsibility of the County. see 730 ILCS 125/17 Bedding Clothing, Fuel And medical aid The warden of The Jail shall Furnish Necessary bedding, Clothing, Fuel And medical Aid For all Prisoners under his Charge. These Are 14TH Amendment And 8TH Amendment violation, I Did no wrong To be Denied. 730 ILCS 5/3-7-2 Facilities (F) see

Cruel Unusal Punishment / Due Process / Privacy
Privileges Violation's / Claims / Reliefs

A Pre-Trial Detainee being Treated worse Than a Already Convicted Criminal by not able To Have Contact Visits with His Family is Cruel Unusal Punishment, Also Due Process Violation / Privacy Violation. Which The Knox County Jail Follow I.D.O.C. Rules. A Pre-Trial Detainee Shall not be Treated worse Then a Convicted Criminal as of Being Held in a County Jail Claim To be a supermax Jail That is Keeping Pre-Trial Detainee From There Privelege of Contact visits. This Does not make any since For a Pre-Trial Detainee To be Restricted Permantely From contact visits when He is not at Risk of security of the Jail or Any other Person. This Restricted contact Kept me From meeting my Newborn child And other Kids! Which This Cruel unusual Punishment And Privilege Violation is Part of what leaded me To a quick conviction Plea so I could Go to Prison Just to Have Contact visits with my Family! A Year And a Half without Contact visit with Your Family is a Stressful Process To Go Through as a Pre-Trial Detainee! which no Non Convicted Person Shall be Deprived without being Found guilty of the Crime He was Charged with. These are Claims of Constitutional Damage of Due Process, Privilege Violation, legal Damage, Motional Stress Damage, Equal Protection Violation Relief of 5 million $: See OBryan v. Saginaw 1984

Presumption of Innocence precludes Punishment until such time as an Individual is Convicted of a Crime so That For a Pre-Trial Detainee Punishment is Never a Penological Objective, since Punishment is not legitimate objective of Pre-Trial Detainee "any State" action which Restricts a Protected liberty Interest and which is not Required either To maintain security as to all Inmates or to Assure a Particular Inmate Presence at trial violates 14TH Amendment That no Person shall be Deprived of liberty. The Equal Protection Clause of The 14TH Amend. And Due Process Clause but Prohibit the Confinement of a Pre-Trial Detainee under conditions which are worse Than These of Convicted Prisoners.

4.

JURY DEMAND     Yes ☑     No ☐

Signed this Q.A. day of 7/12/17 , 20____ .

*Quennel Augusta*
( Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Quennel Augusta | K81797 |
| Address: P.O. Box 500 Vandalia Il. 62471 Route 51 North | Telephone Number: |