UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

QUENNEL AUGUSTA,       )
   Plaintiff,                    )
                                 )
vs.                              )      No. 17-4292
                                 )
DAVID CLAGUE, et. al.,      )
   Defendants              )

ORDER

On November 3, 2017, Plaintiff filed his complaint and a motion to proceed in forma pauperis (IFP). (Comp. [1]; IFP Mot. [3]). Plaintiff used a 42 U.S.C.§ 1983 complaint form which specifically asks Plaintiff if he "brought any other lawsuits in state or federal court while incarcerated?" (Comp., [1], p. 2). Plaintiff indicated he had filed three previous lawsuits: *Augusta v. People of the State of Illinois*, Case No. 17-4035 (filed on 2/2/17); *August v. Clague*, Case No. 16-4079 (filed on 4/26/16); and *Augusta v. Winbigler*, Case No. 16-4115 (filed on 6/13/16, still pending). However, Plaintiff failed to mention two other two other lawsuits filed in the Central District of Illinois within the last year including *Augusta v. Knox County Sheriff*, Case No. 16-4032 (filed on 2/17/16, still pending) and *Augusta v. IDOC*, Case No. 16-4190 (filed on 9/15/16, still pending).

Furthermore, a prisoner seeking to proceed IFP is required by Illinois statute to provide an affidavit "that includes a statement of all assets such prisoners possesses…" 28 U.S.C. §1915(a)(1). In addition to the affidavit, a prisoner "*shall* submit a certified

1

copy of the trust fund account statement …for the prisoner for the *6-month* period immediately proceeding the filing of the complaint..." 28 U.S.C. §1915(a)(2) (emphasis added).

The IFP form Plaintiff used specifically directed him to report any income within the past 12 months from a variety of potential sources including "gifts" or "any other sources." (IFP Mot., [3], p. 1).  In each instance, Plaintiff circled boxes indicating he had received no income whatsoever.  (IFP Mot., [3], p. 1).  Plaintiff further chose to submit copies of trust fund ledgers from the three months of May through July of 2017, not the six month period required. [4]. Therefore, Plaintiff failed to disclose $758 in income received in the six months immediately before he filed his lawsuit in November of 2017. [7]. The bulk of that income was received two months before Plaintiff filed his lawsuit, and was not include in the trust fund ledgers provided by the Plaintiff.

The Seventh Circuit has "held that a dismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary." *Ayoubi v. Dart*, 640 Fed.Appx. 524, 528–29 (7th Cir. 2016); *Kennedy v. Huibregtse,* 831 F.3d 441, 442 (decision to dismiss prisoner's lawsuit with prejudice for failure to disclose outside funds "was proper."); *David v. Wal-Mart Stores, Inc.*, 669 Fed.Appx. 793, 795 (7th Cir. 2016)("dismissal with prejudice is an appropriate sanction whenever a plaintiff deceives the district court in an application for pauper status); *Thomas v. Gen. Motors Acceptance Corp.,* 288 F.3d 305, 308 (7th Cir.2002) (upholding dismissal with prejudice as sanction for litigant who lied about income on IFP application).

Finally, the Court notes of the $2,100 Plaintiff owes in filing fees for the six cases filed in the Central District of Illinois, Plaintiff has paid only $109.34 in this case. It has also come to the Court's attention that Plaintiff has reached a settlement in *August v. Clague*, Case No. 16-4079 in November of 2017. As a result, will receive a payment of $1, 100.

IT IS THEREFORE ORDERED:

1) Within 14 days of this order, or on or before March 16, 2018, Plaintiff must state why this case should not be dismissed with prejudice for Plaintiff's intentional failure to disclose income in his IFP application.

2) Within 14 days of this order, or on or before March 16, 2018, Plaintiff must state whether he has now received the settlement payment, and indicate why this money should not be used toward the payment of his outstanding filing fees.

Entered this 2nd day of March, 2017.

                s/ James E. Shadid
                _____
                      JAMES E. SHADID
                UNITED STATES DISTRICT JUDGE