UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

QUENNEL AUGUSTA,       )
   Plaintiff,          )
                            )
   vs.                 )          No. 17-4292
                            )
DAVID CLAGUE, et. al., )
   Defendants          )

CASE MANAGEMENT ORDER

On March 2, 2018, the Court gave Plaintiff 14 days to explain why his case should not be dismissed with prejudice for the intentional failure to disclose income in his motion to proceed in forma pauperis (IFP). *See* March 2, 2018 Order. Plaintiff was also directed to indicate whether or not he had received a recent settlement payment.

The Court noted when Plaintiff filed his complaint and IFP motion on November 3, 2017, he submitted copies of trust fund ledgers from the three months of May through July of 2017, not the six month period required. [4]. Therefore, Plaintiff failed to disclose $758 in income and the "bulk of that income was received two months before Plaintiff filed his lawsuit. March 2, 2018 Order, p. 2. In addition, the IFP form Plaintiff submitted "directed him to report any income within the past 12 months from a variety of potential sources including 'gifts' or 'any other sources.'" (IFP Mot., [3], p. 1). In each instance, Plaintiff circled boxes indicating he had received no income whatsoever. (IFP Mot., [3], p. 1)." March 2, 2018 Order, p. 2.

Plaintiff has now filed his response claiming the failure to provide this information was in inadvertent mistake. Plaintiff says he filed out his complaint form

1

between May and July of 2017. However, Plaintiff says "some county jail problem and prison problems" took his focus away from mailing the complaint. (Plain. Resp., p. 1). Therefore, Plaintiff says he did not notice when he submitted the document in November of 2017 that the Trust Fund Ledgers were not updated.

Plaintiff also says he has an unspecified mental illness of "slow learning and shortage of memory." (Comp., p. 1). Plaintiff finally says the settlement mentioned by the Court was not complete when he filed his complaint in this case.[1] In addition, the settlement received has already been taken to pay other court filing fees.[2] Plaintiff says he will pay his current fees with his next settlement.

Finally, Plaintiff argues his case should not be dismissed because the failure to provide accurate financial information was simply an error due to the fact that he is not an attorney.

Plaintiff's complaint and IFP form are dated July 12, 2017. [1, 3]. It also appears Plaintiff requested his Trust Fund Ledgers in July of 2017. [4]. Nonetheless, despite the fact that Plaintiff was warned his case could be dismissed, Plaintiff has failed to explain why he held on to these documents for nearly four months before filing them beyond Plaintiff's vague reference to "problems" during this time frame. (Plain. Resp., p. 1). Furthermore, if Plaintiff's original intention was to file the documents four months

---

[1] Plaintiff is correct. The parties did not reach a settlement in *August v. Clague*, Case No. 16-4079, until November 13, 2017. *See August v. Clague*, Case No. 16-4079, November 13, 2017 Minute Entry
[2] Plaintiff has submitted a copy of his Trust Fund Ledgers for November and December of 2017 which show he received $1,100 on December 26, 2017. [13]. A portion of this money was used to pay Court fees in the Southern District of Illinois and the Central District of Illinois.

earlier, he did not. Plaintiff clearly knew he did not submit his complaint and IFP form until November of 2017.

Plaintiff is also well aware that an Illinois statute requires any prisoner seeking to proceed IFP to provide an affidavit "that includes a statement of all assets such prisoners possesses…" 28 U.S.C. §1915(a)(1). In addition to the affidavit, a prisoner "*shall* submit a certified copy of the trust fund account statement …for the prisoner for the 6-month period *immediately proceeding* the filing of the complaint..." 28 U.S.C. §1915(a)(2)(emphasis added). Plaintiff has proceeded IFP on seven previous occasions and the specific IFP form Plaintiff filled out and signed in this case admonished Plaintiff in writing that "the law requires information as to such accounts concerning *a full six months before you filed your lawsuit…*" (IFP Mot., p. 3).

In addition, while Plaintiff claims he originally intended to file his lawsuit in July of 2017, he only submitted Trust Fund Ledgers for approximately two months, not the six months required. [4]. More important, Plaintiff still failed to disclose $127.76 in gifts or wages he received during this time period and instead Plaintiff claimed he had received no income of any kind in his IFP application. [3, 4].

Furthermore, Plaintiff has not indicated any specific mental illness which prevents him from properly litigating his claims. As previously noted, Plaintiff has a significant amount of experience filing and litigating similar lawsuits. *See August v. Clague*, Case No. 16-4079 (settled/pro se); *Augusta v. Winbigler*, Case No. 16-4115 (pending/pro se); *Augusta v. Knox County Sheriff,* Case No. 16-4032 (pending/pro se); *Augusta v. People of the State of Illinois*, Case No. 17-4035 (dismissed/pro se); and *Augusta*

3

*v. IDOC*, Case No. 16-4190 (pending/pro se) in the Central District of Illinois; and *Augusta v. Unknown Party*, Case No. 17-798 (pending/pro se) and *August v. Vandalia Correctional Center*, Case No. 17-919 (pending/pro se) in the Southern District of Illinois.

The Court notes if Plaintiff had disclosed the $738 in income he received in the months before he filed his lawsuit, it is still possible the Court still would have granted Plaintiff's IFP motion, but "[a]n applicant has to tell the truth, then argue to the judge why seemingly adverse facts….. are not dispositive. A litigant can't say, 'I know how the judge *should* rule, so I'm entitled to conceal material information from him.'" *Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016).

The Seventh Circuit has "held that a dismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary." *Ayoubi v. Dart*, 640 Fed.Appx. 524, 528–29 (7th Cir. 2016); *Kennedy v. Huibregtse,* 831 F.3d 441, 442 (decision to dismiss prisoner's lawsuit with prejudice for failure to disclose outside funds "was proper."); *David v. Wal-Mart Stores, Inc.*, 669 Fed.Appx. 793, 795 (7th Cir. 2016)("dismissal with prejudice is an appropriate sanction whenever a plaintiff deceives the district court in an application for pauper status); *Thomas v. Gen. Motors Acceptance Corp.,* 288 F.3d 305, 308 (7th Cir.2002) (upholding dismissal with prejudice as sanction for litigant who lied about income on IFP application). Therefore, the Court will dismiss Plaintiff's complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's lawsuit is dismissed with prejudice for intentionally failing to disclose income in his motion to proceed in forma pauperis (IFP). All pending motions are denied as moot. [5].

2) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 4th day of April, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE